JUDGE RAKOFF

**08 CV 4436**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JAMES WATSON, JOSEPH AVITABILE,
THOMAS McGLADE, and ROBERT
SHEEHAN, Individually and On Behalf
of All Others Similarly Situated,

                                 CLASS ACTION
                                 COMPLAINT

                  Plaintiffs,

                                 Jury Trial Demanded

     -against-

CONSOLIDATED EDISON OF NEW YORK
and THE CONSOLIDATED EDISON
PENSION AND BENEFITS PLAN,

                  Defendants.
------------------------------------------------------X

       Plaintiffs, James Watson, Joseph Avitabile, Thomas McGlade, and Robert Sheehan, by their attorneys, complaining of the Defendants herein, allege, upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

       1.    This is a class action brought under the Employee Retirement Income Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and under common law, for damages and other relief to redress Defendants' wrongful and unlawful conduct. Defendants have violated ERISA and other state laws by fraudulently, negligently and in breach of their fiduciary duties to the Plan and its participants, amending the Con Edison Pension and Benefits Plan (the "Pension Plan") in a manner that cheats and drastically reduces the retirement benefits of Con Edison of New York ("Con Ed" or the "Company") retirees who accepted the Company's Level Income Option for early retirement, pursuant to which the retirees would receive a monthly loan along with their pension until they became eligible for Social Security payments. Not only have Defendants betrayed the Company's former employees, violating their fiduciary duties and

1

obligations to act "solely in the interest of the participants," they fraudulently induced Con Ed retirees to elect the Level Income Option which would require them to pay to Con Ed as much as hundreds of thousands of dollars in excess of what Con Ed advanced to them. Additionally, the Level Income Option implemented by Con Ed, through its application, results in interest charges of as much as hundreds of percent, in violation of New York civil and criminal usury laws and should be deemed null and void. As set forth herein, Con Ed is operating one of the most egregious loan sharking operations in the State of New York.

## JURISDICTION AND VENUE

2. This action is brought pursuant to the Employee Retirement Security Act, 29 U.S.C. § 1001, *et seq.* This action also arises under New York General Obligations Law § 5-501, *et seq.*, and any other cause of action which can be inferred from the facts set forth herein.

3. The jurisdiction of this Court is invoked under 29 U.S.C. § 1132 (e)(1) and the doctrine of pendent jurisdiction.

4. Venue is proper pursuant to 29 U.S.C. § 1132 (e)(1) because Defendants administer the plan in this District, some or all of the actionable conduct for which relief is sought occurred in this District, and one or more of the Defendants may be found in this District.

## PARTIES

5. Plaintiffs James Watson, Joseph Avitabile, Thomas McGlade, and Robert Sheehan, are all former employees of Consolidated Edison of New York, Inc., who are participants in the Con Ed Pension and Benefits Plan and elected the Level Income Option when they took early retirement, as offered by Con Ed.

6. Defendant Con Ed is a business entity incorporated under the laws of the State of New York, with its executive offices located at 4 Irving Place, New York, New York. Con Ed provides steam, electric and gas utility services in the United States.

7. Defendant The Consolidated Edison Pension and Benefits Plan is an employee benefit plan, as defined by § 3(3) of ERISA, 29 U.S.C. § 1002(3). More particularly, the Pension Plan is an "employee pension benefit plan", as defined at ERISA § 3(2)(A), 29 U.S.C. § 1002 (2)(A)(i), and a "defined benefit plan" within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35). The administrative offices of the Defendant Pension Plan are in New York, New York. Defendants Con Ed and The Consolidated Edison Pension and Benefits Plan are collectively referred to as the "Defendants".

8. In addition to being the "plan sponsor" under §(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B), Defendant Con Ed functions as the "plan administrator" for the Pension Plan within the meaning of § 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A) and as the fiduciary for the Pension Plan's participants and beneficiaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Con Ed exercised and continues to exercise, ultimate decision-making authority for the administration and management of the Pension Plan. In addition, Con Ed was responsible for appointing and, thus, monitoring Pension Plan fiduciaries. Therefore, Con Ed is a fiduciary of the Pension Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21), in that it exercises discretionary authority or discretionary control respecting management of the Pension Plan, exercises authority or control respecting management or disposition of the Pension Plan's assets, and/or exercises discretionary authority or discretionary responsibility in the administration of the Pension Plan.

## CLASS ACTION ALLEGATIONS

9. Plaintiffs bring this action as a class action pursuant to Rules 23(a), (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all participants or beneficiaries of The Consolidated Edison Pension and Benefits Plan who retired before being eligible for Social Security benefits and who elected the Level Income Option.

10. This action is properly maintainable as a Class action because the members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown by Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe there are, at a minimum hundreds, if not thousands, of members of the Class.

11. Plaintiffs' claims are typical of those of the Class because Plaintiffs and members of the Class suffered similar harm and damages as a result of Defendants' systematic unlawful and wrongful conduct described herein. Absent a Class action, members of the Class will continue to suffer massive losses in connection with their retirement benefits, and these violations of law will proceed without remedy.

12. Plaintiffs are representative parties who will fairly and adequately protect the interests of the other members of the Class and have retained counsel competent and experienced in class action litigation. Plaintiffs have no interests antagonistic to, or in conflict with, the Class they seek to represent.

13. A class action is superior to other available methods for the fair and efficient

adjudication of the claims asserted herein. Prosecution of separate actions by members of the Class would create a risk of inconsistent adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants. As the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members individually to redress the wrongs done to them. The likelihood of individual Class members prosecuting separate claims is remote. Furthermore, Defendants' conduct affected and affects all Class members in a similar manner, making declaratory and injunctive relief to the Class as a whole appropriate.

14. The questions of law and fact common to the members of the Class predominate over any questions affecting individual members of the Class. The questions of law and fact which are common to Plaintiffs and the Class include, among others:

  a. Whether ERISA applies to the claims at issue;

  b. Whether Defendants owe and owed fiduciary duties to the members of the Class;

  c. The nature of the fiduciary duties Defendants owe and owed to members of the Class;

  d. Whether Defendants violated ERISA and/or breached their fiduciary duties;

  e. Whether Defendants' conduct amounts to fraudulent inducement, and/or usury; and

  f. The extent of losses sustained by members of the Class and the appropriate measure of relief.

15. Plaintiffs anticipate no unusual difficulties in the management of this action as a class action.

## FACTUAL ALLEGATIONS

16. Upon information and belief, the Pension Plan is a defined benefit plan covering eligible employees of the Company. Con Ed is the sponsor of the Pension Plan and is presumptively responsible for all fiduciary functions.

17. Con Ed's responsibilities also include appointing persons to serve as Pension Plan fiduciaries, and thus, monitoring such persons. Therefore, even if an otherwise effective delegation occurred, Con Ed had a fiduciary duty to monitor the persons it appointed to perform fiduciary functions for it.

18. ERISA is a comprehensive statute covering virtually all aspects of employee benefits plans, including retirement savings plans, such as the Pension Plan. Under ERISA, those responsible for employee benefit plan management stand in a fiduciary relationship to Pension Plan participants. Pursuant to ERISA, a "fiduciary" is broadly defined to include all persons or entities that are able to exercise discretionary authority over the management of a plan or the payment of benefits. 29 U.S.C. § 1002(21)(A). ERISA requires strict fidelity and loyalty in the execution of the plan's management.

19. ERISA imposes upon Defendants, who are responsible for the Pension Plan, the requirement to "discharge his [or her] duties with respect to a plan solely in the interest of the participants and their beneficiaries and ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such

matters would use in the conduct of an enterprise of a like character and with like aims." ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

20. ERISA further imposes upon Defendants responsible for the Pension Plan a duty of loyalty, requiring these Defendants to "discharge [their] duties with respect to a plan solely in the interest of the participants and their beneficiaries ... for the exclusive purpose of ... providing benefits to the participants and their beneficiaries." ERISA § 404(a)(1)(A)(i), 29 U.S.C. § 1104(a)(1)(A)(i).

21. ERISA also imposes upon Defendants, by virtue of their exercise of authority or control respecting the management of the Pension Plan, the duties to: (1) monitor persons who have been named as fiduciaries; (2) not make materially false and/or misleading statements or misinform Pension Plan participants; and (3) to convey complete and accurate information material to the circumstances of plan participants and their beneficiaries.

22. On or before June 1999, Con Ed began implementing an employee early retirement program, which was offered to Plaintiffs and Class members. Among the pension options offered was a Level Income Option. According to a Con Ed document titled "The Consolidated Edison Pension and Benefits Plan," the Level Income Option provides:

> If you elect this option, an estimate is made of your Social Security benefits payable at Age 62 or your Normal Social Security Benefit Retirement Age, whichever you select. The payment of your pension benefit is adjusted so that you receive the actuarial equivalent of your pension. You receive a higher pension benefit from the date of your retirement to your choice of Age 62 or Normal Social Security Age, and a lower pension benefit thereafter.

23. Beginning in or about July 1999, Defendants held meetings for the early retirees, including Plaintiffs and Class members, to discuss their retirement options, including the Level

7

Income Option. Defendants' presentations of the early retirement plans and the Level Income Option were made by individuals from Con Ed's benefits and compensation department pursuant to standardized training and plan description practices, including standard examples.

24.     At the time of these meetings, eligible Con Ed employees had various options, including not retiring or taking early retirement and not electing the Level Income Option.

25.     In the presentations held by Defendants for those retiring early, including Plaintiffs and Class members, the Level Income Option was described as a monthly loan program that would facilitate early retirement by raising their income until they became eligible for Social Security.

26.     The loans would cease when the retiree reached either 62 or their full retirement benefit age, whichever Level Income Option they chose. At that point, Social Security would kick in and the monthly pension checks would be reduced until the loans are paid back. During these presentations, the Defendants fraudulently induced the employees being offered early retirement to opt for the Level Income Option, by convincing them that the reduction to their pension benefits was capped and would cease upon repayment of the loans.

27.     These standardized presentations failed to disclose, and the materials provided to Plaintiffs did not state, that any interest would be required to be paid on these loans. They further failed to disclose that the monthly pension benefits of early retirees who accepted the Level Income Option would be reduced for life, regardless of how long they lived, regardless of when the loan was paid back, regardless of any interest rate that might be applied, and regardless of how much in excess of the loan was paid. They failed to disclose that the loan would never be retired and that the pensions would be reduced forever, compelling retirees to pay to Con Ed as

8

much as 3, 4, 5 times and more as the amounts advanced to them.

28. It was only natural that Plaintiffs would look to and rely upon Defendants' misrepresentations. Plaintiffs reposed trust and confidence in Defendants given their, in most cases, over 30 years of employment with Con Ed. This trust and confidence was only heightened by the Defendants' superior knowledge and expertise in the fields of finance and retirement benefit plans. Based upon the misrepresentations, omissions, and encouragement of the Defendants, and their agents or employees, to take the Level Income Option, Plaintiffs and other Class members chose the Level Income Option. Had Plaintiffs and Class members been adequately informed, as required under ERISA, that the Level Income Option would reduce the value of their pensions by tens, if not hundreds, of thousands of dollars, Plaintiffs and Class members would never have elected this option.

29. However, well after choosing the Level Income Option, and long after the time to change or cancel their selection of the leveling option, Plaintiffs and Class members discovered that their payback of the loan, in the form of reduced monthly pension benefits, was in a never-ending eternal amount which could be many times the amount they received and that the repayment would occur and reoccur for the remainder of their lives, no matter how long they lived. Moreover, there was no option or opportunity to prepay the loan. Nor was there any amount Plaintiffs or Class members could pay which would discontinue their everlasting payments to Defendants.

30. The amount each Plaintiff is required to pay back each month has no rational or legal relation to the amount borrowed or to other Plaintiffs or Class members who chose the Level Option. Defendants have arbitrarily instituted interest rates on the amount loaned that vary

9

from person to person. These limits are exorbitant and grossly exceed New York's civil and criminal usury limits.

31. By way of example, a Class member who retires at 56 under the early retirement plan and chooses the age 66 Leveling Income Option, will receive a loan of approximately $543.56 a month for a total loan of $62,509.40 ($543.56 per month for 115 months), until he or she begins to receive Social Security benefits. At that time, the retiree is required to pay back approximately $796.24 a month, forever. Should that Class member live to age 75, he would have paid back $85,993.92 ($796.24 a month for 108 months), or 138% of the amount advanced; if he lives until 85, he would have paid back $181,542.72 ($796.24 a month for 228 months), or 290% of the amount advanced; and if he lives to 95 he would have paid back $277,091.52 ($796.24 a month for 348 months), or 443% of the amount advanced.

32. Similarly, a Class member who retires at 55 under the early retirement plan and chooses the age 62 Leveling Income Option, will receive a loan of approximately $838.13 a month for a total loan of $67,888.53 ($838.13 per month for 81 months), until he or she begins to receive Social Security benefits. At that time, the retiree is required to pay back approximately $999.17 a month. Should that Class member live to age 75, he would have paid back $155,870.52 ($999.17 a month for 156 months), or 230% of the amount advanced; if he lives until 85 he would have paid back $275,770.92 ($999.17 a month for 276 months), or 406% of the amount advanced; and if he lives to 95 he would have paid back $395,671.32 ($999.17 a month for 396 months), or 583% of the amount advanced. Thus, under any of these scenarios, a Class member would pay back tens of thousands, if not hundreds of thousands of dollars, above the amount of the advance received from Con Ed.

33. Had Defendants (i) not breached their fiduciary duties to Plaintiffs and the Class; (ii) been honest in their dealings with Plaintiffs and Class members and acted "solely" in their interest, as required by ERISA; (iii) not omitted the relevant information detailed above; (iv) not fraudulently induced Plaintiffs and Class members to elect the Level Income Option; and (v) not sought to apply violative usury rates to the loans received by Plaintiffs and Class members, none of the Plaintiffs or Class members would have elected the Leveling Income Option.

34. As a result, Plaintiffs, and other Class members, will be required to pay, depending upon the length of their lives, tens, if not hundreds, of thousands of dollars above the amount actually borrowed. This amount of interest, for loans ranging on average between forty thousand and seventy five thousand dollars, is far in excess of what is appropriate and violates civil and criminal usury laws.

## FIRST CLAIM FOR RELIEF

### For Violations of ERISA

35. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above, as if fully set forth herein.

36. The Pension Plan is governed by the provisions of ERISA, 29 U.S.C. § 1001, *et seq.*, and Plaintiffs and the Class are participants and/or beneficiaries in the Pension Plan. Defendants are fiduciaries or co-fiduciaries with respect to the Pension Plan pursuant to the provisions of ERISA.

37. By fraudulently inducing and encouraging Plaintiffs and the Class members to opt for the Level Income Option, despite knowing that this would result in Plaintiffs receiving

11

drastically reduced benefits for the majority of their retirement, by failing to disclose that unlimited interest would be assessed on the loan, and by failing to disclose that Plaintiffs and the Class members would continue to pay Defendants well after paying back their loans, Defendants violated ERISA § 404, 29 U.S.C. § 1104 ("Fiduciary Duties"), which requires, in pertinent part, that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries ...."

38. Defendants violated their fiduciary duties of loyalty and prudence by failing to give Plaintiffs and the Class accurate information about the Pension Plan and its Level Income Option, including failing to disclose that excessive and unlimited interest rates, as much as hundreds of percent, would be applied to their loans and that Plaintiffs and the Class members would be forced to pay back money to Defendants for the rest of their lives no matter how much over and above the loan amount they have already paid.

39. As a result of Defendants' breaches of fiduciary duties, Plaintiffs and the Class suffered damages, the exact amount of which will be determined at trial.

## SECOND CLAIM FOR RELIEF

### Breach of Fiduciary Duty to Keep Beneficiaries Informed

40. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above, as if fully set forth herein.

41. Defendants failed to disclose, and issued deceptive or uninformative disclosures to Plaintiffs and the Class regarding the disadvantages of the Level Income Option.

42. This violated Defendants' fiduciary duties to keep beneficiaries fully informed, pursuant to ERISA § 404, 29 U.S.C. § 1104.

43. As a result of Defendants' breach of fiduciary duties, Plaintiffs and the Class suffered damages, the exact amount of which will be determined at trial.

### THIRD CLAIM FOR RELIEF

#### Failure to Distribute Summary Plan Description and Misleading Summary Plan Description

44. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above, as if fully set forth herein.

45. Defendants failed to distribute a Summary Plan Description ("SPD") in a manner reasonably calculated to ensure actual receipt by participants and beneficiaries. Plaintiffs have not received an SPD. To the extent that Plaintiffs and the Class have received an SPD, it failed to disclose the disadvantages of the Level Option, including that participants would be required to pay usurious interest on their loans and that they would be required to continue to pay Defendants for the remainder of their lives, no matter how much above and beyond they actual loan amount they have already paid. Accordingly, the SPD is not "written in a manner calculated to be understood by the average plan participant," and is not "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan," in violation of ERISA § 133, 29 U.S.C. § 1133.

46. As a result of Defendants' breach of fiduciary duties, Plaintiffs and the Class suffered damages, the exact amount of which will be determined at trial.

### FOURTH CLAIM FOR RELIEF

#### Violation of Disclosure Rules for Options With Unequal Values

47. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above, as if fully set forth herein.

13

48. Defendants have violated the disclosure rules that apply when benefit options have unequal values, such as the Pension Plan with or without the Level Income Option.

49. Pursuant to 26 C.F.R. 1.401(a)-20, which implements ERISA § 205(G), 29 U.S.C. § 1055(g), Defendants are required to offer sufficient information "to explain the relative value of the optional forms of benefit available under the plan." Moreover, Treasury regulations provide that "no consent is valid" unless this explanation has been provided. 26 C.F.R. 1.417(e)-1(b)(2)(i). None of the materials provided by Defendants disclose that those choosing the Level Income Option will be required to pay interest of any kind, or that they will be required to pay Defendants for life, even well after the loan has been repaid.

50. As a result of Defendants' breach of fiduciary duties, Plaintiffs and the Class suffered damages, the exact amount of which will be determined at trial.

## FIFTH CLAIM FOR RELIEF

### Fraudulent Inducement

51. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above, as if fully set forth herein.

52. Defendants knowingly issued false and misleading oral and written representations to induce Plaintiffs and the Class members to chose the Level Income Option.

53. Plaintiffs and the Class members relied on Defendants' representations and were induced, on the faith of Defendants' false promises, to place themselves in a worse position than they would have been had these promises not been made. Defendants derived substantial benefits from the false promises, in that it would ultimately reduce Con Ed's retirement payments by millions of dollars.

14

54. The opting by Plaintiffs and other Class members of the Level Income Option was induced by presentations and materials prepared, created, approved and allowed by Defendants. Defendants knew that choosing the Level Income Option would result in the drastic reduction of the value of Plaintiffs' and Class members' pensions in that Plaintiffs and other Class members will be paying well in excess of the loan amount, in the form of reduced benefits, for the rest of their lives. Defendants further knew that this would result in Plaintiffs and other members of the Class paying exorbitant interest rates and in Plaintiffs and members of the Class paying Defendants several times over the loan amount. Defendants concealed these material facts from Plaintiffs and the Class.

55. The selection of the Level Income Option by Plaintiffs and members of the Class was fraudulently induced by misrepresentations and the concealment of material facts regarding the Level Income Option. Had Plaintiffs and Class members known the true facts concerning the Level Income Option, Plaintiffs and the Class members would never have elected to retire early or, even to the extent they did chose to retire early, would never have elected the Level Income Option as a part of their retirement package.

56. As a result of Defendants' breach of fiduciary duties, Plaintiffs and the Class suffered damages, the exact amount of which will be determined at trial.

## SIXTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty

57. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above, as if fully set forth herein.

58. Defendants owed to Plaintiffs and members of the Class the highest fiduciary

15

duties, including a duty of good faith, a duty of full disclosure, a duty of loyalty and a duty of care arising out of their relationship with Plaintiffs and members of the Class and under the circumstances alleged herein.

59.     Knowing that Plaintiffs and members of the Class were considering or intending to retire early, and aware that Plaintiffs and members of the Class relied upon Defendants' superior knowledge and expertise, Defendants had a duty to provide complete and truthful information to Plaintiffs and members of the Class when detailing and explaining the Level Income Option, and when encouraging Plaintiffs and members of the Class to select the Level Income Option, including, but not limited to, complying with full disclosure laws and curing any prior misrepresentations or omissions.

60.     In contravention of their fiduciary duties, Defendants took steps actively to conceal material information from Plaintiffs and Class members, as alleged throughout this Complaint. By engaging in the conduct outlined above, Defendants breached the fiduciary duties owed by them to Plaintiffs and the Class.

61.     The above-described conduct constitutes constructive fraud, and Plaintiffs and Class members have been irreparably harmed and damaged in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### Usury Pursuant to General Obligations Law § 5-501, *et seq.*

62.     Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above, as if fully set forth herein.

63.     As detailed above, Defendants falsely and fraudulently represented, either by overt

16

action or omission, to Plaintiffs and Class members, that the loans under the Level Income Option would not contain interest and that no further payments would be required once the loan was paid back in full. Defendants knew that these representations were false and untrue at the time they made them. Defendants made these representations and omissions with the intent that Plaintiffs and Class members would rely upon them.

64. Defendants knew that in its application, the Level Income Option would require Plaintiffs and the Class members to pay interest in excess of 16% in violation of Article 5, Title 3 of the General Obligations of the Law of the State of New York §§ 5-502 and 5-511, as well as in excess of 25% in violation of Penal Law § 190.40. Pursuant to the Con Ed Pension and Benefits Plan, Plaintiffs and Class members have been paying back amounts which are in clear violation of New York's civil (and even criminal) usury laws.

65. Plaintiffs and the Class members have no complete or other adequate remedy at law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

    a. Determining that this is a proper Class action to be certified under Rule 23 and appointing Plaintiffs Class representatives on behalf of the Class;

    b. Declaring that Defendants have violated the duties, responsibilities, and obligations imposed upon them as fiduciaries and co-fiduciaries and that they have violated the ERISA disclosure and monitoring requirements as described above;

c. Declaring the loans provided by the Level Income Option usurious and void;

d. Ordering Defendants to take all necessary steps to make the Level Income Option fully compliant with the law, including eliminating any interest payments and eliminating payments after a Plaintiffs or Class member's loan has been paid in full;

e. Awarding Plaintiffs and Class members their compensatory damages for the wrongful acts complained of;

f. Awarding Plaintiffs and members of the Class punitive damages against Defendants for an amount to be determined at trial;

g. Prohibiting or enjoining Defendants from collecting any interest payments or any payments made by a Plaintiff or Class member after their loan has been paid in full;

h. Awarding extraordinary, equitable, and/or injunctive relief as permitted by law, equity, and the federal statutory provisions sued hereunder, including attaching, impounding or imposing a constructive trust or otherwise restricting the proceeds of Defendants ill-gotten funds to ensure Plaintiffs and members of the Class have an effective remedy.

i. Awarding the Plaintiffs and members of the Class, restitution, disgorgement and/or remedial relief;

j. Allowing a trial by jury to the extent permitted by law;

k. Awarding Plaintiffs and members of the Class pre-judgment and post

judgment interest, as well as their reasonable attorneys' fees, expert witness fees, and other costs; and

l. Awarding such other relief as this Court may deem just and proper.

Dated: Carle Place, New York
       May 12, 2008

By: _____
Lenard Leeds, Esq.   (LL-2255)
LEEDS, MORELLI & BROWN, P.C.
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

Dated: New York, New York
       May 12, 2008

By: _____
Joseph H. Weiss, Esq.   (JW-4534)
James E. Tullman, Esq.   (JT-9597)
Weiss & Lurie
551 5th Ave., Suite 1600
New York, New York 10176
(212) 682-3025

Attorneys for Plaintiffs
and the Proposed Class